PRICE COLD STORAGE, Price Cold Storage and Packing Co. Inc.; et al., Plaintiffs—Appellants,

v.

WASHINGTON ORGANIC DRIED FRUIT AND JUICE LLC, a Washington Limited Liability Company; et al., Defendants—Appellees,

and

Robert Schroder, husband; et al., Defendants.

No. 04–35718.

D.C. No. CV–02–03060–LRS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2006.

Decided May 18, 2006.

Timothy John Carlson, Carlson Boyd & Bailey PLLC, Yakima, WA, for Plaintiffs–Appellants.

Jerry Todd Tracy, Crocker Kuno Ostrovsky LLC, Seattle, WA, for Defendants–Appellees.

Thomas Francis O'Connell, Davis Arneil Law Firm LLP, Wenatchee, WA, for Defendants-Appellees/Defendants.

Before REINHARDT, McKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM*

Price Cold Storage and Packing Company, Inc., and Price Sales, LLC, appeal the district court's judgment in favor of Robert and Charlotte Brody. We affirm.

■ Price challenges the district court's conclusion that Brody is not personally liable under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a *et seq.* Individual liability under PACA extends only to those "who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets." *Sunkist Growers, Inc. v. Fisher,* 104 F.3d 280, 283 (9th Cir. 1997). In its factual findings, the district court contrasted Brody's minimal involvement in the partnership with the activities of general partner Robert Boule, who "handled all day to day operations, including ... controlling the partnership finances ..., and accounting for all dollars that came into and flowed out of the organization." The court found that Brody's level of involvement "did not put him in a position of a control person for PACA liability." These findings are amply supported by evidence in the record and are not clearly erroneous.

■ Price also appeals the denial of its motion to reconsider. Price contends that the district court should have ruled on a theory of recovery that, by the terms of its own argument on appeal, Price apparently first discussed in closing argument. The district court did not abuse its discretion in concluding that this theory was not raised in a timely manner. King Blossom Natural was not a defendant at trial, and Price's contentions in the pretrial order did not include the argument that King Blossom Natural was not a bona fide purchaser of trust assets. The pretrial order "controls the subsequent course of action in the litigation," such that a new theory of recovery "will be barred if not at least implicitly included in the order." *Eagle v. AT&T Co.,* 769 F.2d 541, 548 (9th Cir. 1985). Price could have moved to add King Blossom Natural as a defendant, or to add a new theory of liability against Brody, but did not.

■ Nor is Price entitled to reconsideration because of "newly discovered evidence." To prevail on this basis, Price "must show that: (1) the evidence was discovered after trial, (2) the exercise of due diligence would not have resulted in the evidence being discovered at an earlier stage and (3) the newly discovered evidence is of such magnitude that production of it earlier would likely have changed the outcome of the case." *Far Out Productions, Inc. v. Oskar,* 247 F.3d 986, 992–93 (9th Cir.2001) (quotation marks omitted).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

First, the internal reports were discovered during trial, not afterwards. Second, Price has not shown that, with diligence, it could not have discovered the internal reports earlier. Finally, the lack of access to these reports did not prevent Price from asserting its new theory of recovery. The reports would have only been relevant to a potential affirmative defense; they were not crucial to the claim itself. Because Price could have pursued its theory even without the internal reports, their earlier discovery would not "likely have changed the outcome of the case." *Far Out*, 247 F.3d at 993.

Although Price's arguments are ultimately unpersuasive, they are not frivolous. We therefore deny Brody's request for attorneys' fees. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 784 n. 34 (9th Cir.2002).

**AFFIRMED.**